filed precluded plaintiff's recovery on the lien. A lien becomes vested upon filing and subsequent failure to perform does not preclude or reduce recovery (*see, Rukeyser v Fountain & Choate,* 185 App Div 263, 267-268; *see also, Upton Co. v Flynn,* 169 App Div 79, 81-82, *affd* 218 NY 674; *Foshay v Robinson,* 137 NY 134, 136-137). We need not consider the effect of settlement because the record does not indicate that a settlement agreement was actually reached.

The amended judgment of foreclosure, entered November 3, 1998, cannot be affected by an order granting a default judgment to defendants against Valle dated December 17, 1998. "It is settled law that a trial court cannot modify or amend an error in substance affecting a judgment. Those errors may be corrected only by appeal or by vacating the judgment" (*Szabo v Szabo,* 71 AD2d 32, 35), and here the court did not vacate the judgment. (Appeal from Amended Judgment of Supreme Court, Monroe County, Fisher, J.—Lien.) Present—Pine, J. P., Hayes, Scudder and Lawton, JJ.

■ 104 CONTRACTORS, INC., Respondent, v R.T. GOLF ASSOCIATES, L.P., et al., Appellants, et al., Defendants. (Appeal No. 3.) [707 NYS2d 745] —Appeal unanimously dismissed without costs (*see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984). (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Reargument.) Present—Pine, J. P., Hayes, Scudder and Lawton, JJ.

■ 104 CONTRACTORS, INC., Respondent, v R.T. GOLF ASSOCIATES, L.P., et al., Appellants, et al., Defendants. (Appeal No. 4.) [706 NYS2d 297] —Appeal unanimously dismissed without costs (*see,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Default Judgment.) Present—Pine, J. P., Hayes, Scudder and Lawton, JJ.

■ AMBER PAYNTER et al., on Behalf of Themselves and all Others Similarly Situated, Respondents, v STATE OF NEW YORK et al., Appellants. [704 NYS2d 763] —Order unanimously reversed on the law without costs and motion granted upon condition that plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, join as defendants the school districts located wholly or partly in Monroe County. Memorandum: Supreme Court erred in denying defendants' motion pursuant to CPLR 1001 (b) to compel plaintiffs to join as necessary parties the school districts located wholly or partly in Monroe County. Plaintiffs commenced this action against defendants, alleging that students in the Rochester City School District are being denied the opportunity for a sound basic